Jeffrey T. Petersen
Irving B. Levinson
K&L GATES LLP
Three First National Plaza, Suite 3100
70 West Madison Street
Chicago, IL 60602
312.372.1121
Jeffrey.petersen@klgates.com

Attorneys for Plaintiff PharMEDium Services, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PHARMEDIUM SERVICES, LLC, A Delaware limited liability company, Plaintiff, v. NEW ENGLAND COMPOUNDING PHARMACY, INC., a Massachusetts corporation; AMERIDOSE, LLC, a Massachusetts limited liability company; and MEDICAL SALES MANAGEMENT, INC., a Massachusetts corporation, Defendants. | CASE NO. **COMPLAINT** |

Plaintiff PharMEDium Services, LLC ("PharMEDium" or "Plaintiff") for its complaint against defendants NEW ENGLAND COMPOUNDING PHARMACY, INC., AMERIDOSE, LLC and MEDICAL SALES MANAGEMENT, INC. (collectively, "Defendants") seeking damages, injunctive relief and other relief, alleges as follows:

This is an action for claims of violations of the federal Computer Fraud and Abuse Act (18 U.S.C. § 1030), violations of the federal Digital Millennium Copyright Act (17 U.S.C. §

986393/D/66

1201) and trespass to chattels. All claims herein arise out of Defendants' unlawful hacking into PharMEDium's private computer system in order to seek an unfair competitive advantage over PharMEDium, which is in the same industry as Defendants. Plaintiff seeks injunctive relief; monetary damages; an award of attorneys' fees and costs; and such additional relief as this Court deems appropriate.

## I. THE PARTIES

1. Plaintiff PharMEDium is a Delaware limited liability company with its principal place of business at Two Conway Park, 150 North Field Drive, Suite 350, Lake Forest, Illinois 60045. PharMEDium is the nation's leading provider to hospitals of outsourced sterile admixture and compounding preparations for intravenous therapies. Through a network of state-licensed and federally registered pharmacy compounding centers, PharMEDium provides sterile admixtures and compounding preparations to more than 2,000 hospitals throughout the United States.

2. On information and belief, defendant New England Compounding Pharmacy, Inc. ("NECP") is a Massachusetts corporation having its principal place of business at 697 Waverly Street, Framingham, Massachusetts 01701. Upon information and belief, NECP does business as "New England Compounding Center" and operates the website <www.neccrx.com>.

3. On information and belief, defendant Ameridose, LLC ("Ameridose") is a Massachusetts limited liability company, having its principal place of business at 50 Fountain Street, Framingham, Massachusetts 01702.

4. On information and belief, defendant Medical Sales Management, Inc. ("MSM") is a Massachusetts corporation having its principal place of business at 697 Waverly Street, Framingham, Massachusetts 01701.

5. Defendants NECP, Ameridose and MSM have common ownership and utilize common technical resources. They are all competitors of PharMEDium.

6. The actions alleged herein to have been undertaken by Defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each defendant assisted, participated or otherwise encouraged, and are actions for which each defendant is liable.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over PharMEDium's claims pursuant to 17 U.S.C. § 1201, 18 U.S.C. § 1030, 28 U.S.C. § 1338(a) and 28 U.S.C. §§ 1331 and 1367.

8. This Court has personal jurisdiction over Defendants because they engaged in business activities in and directed to this judicial district, and directed tortious conduct toward PharMEDium in this judicial district. Furthermore, on information and belief, Defendants have transacted and are transacting a significant amount of business in this judicial district on a continuing basis such that personal jurisdiction is appropriate.

9. Venue properly lies in this Court under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to PharMEDium's claims occurred in this judicial district, and a substantial part of the property that is the subject of this action is situated here.

## III. PHARMEDIUM'S PRIVATE COMPUTER SYSTEMS

10. PharMEDium maintains a public website at <www.PharMEDium.com>. That website generally describes PharMEDium's business and services.

11. PharMEDium also maintains a private, protected computer system for the exclusive use of PharMEDium's registered customers. That private system, known as the

"Customer Resource Center" or "CRC", permits its hospital customers to order drugs, arrange shipping, track order history and attain customer support. The CRC is a protected computer system and network which is used across state lines in interstate commerce.

12. The CRC also contains copyrighted materials created by PharMEDium for the sole benefit of its customers, including announcements about PharMEDium's products and services, quality trend reports, documents describing particular drugs and treatments and information about PharMEDium's prices and shipping schedules.

13. The CRC is a sophisticated web-based customer service tool that has been designed at significant expense using PharMEDium's resources and intellectual property.

14. Customers who desire access to the CRC must first verify their credentials, and are then issued a unique username and password. Access to the CRC is strictly limited to authorized customers because, among other things, the CRC permits ordering controlled substances and other drugs regulated by the U.S. Drug Enforcement Agency ("DEA"). Customers using the CRC may access the DEA-authorized Controlled Substance Ordering System which is assigned to a specific hospital computer for ordering controlled substances monitored and tracked by the DEA.

15. Customers who wish to obtain access to the CRC must not only have an active account with PharMEDium, but they must also have an active DEA Registration Number.

16. To obtain a username and password for the CRC, a customer must first agree to PharMEDium's Terms and Conditions for use of the site. The Terms and Conditions make clear that the CRC is a private, protected computer system, intended solely for the use of PharMEDium's customers. Users must agree to keep their credentials secure, and are prohibited from sharing those credentials with anyone.

For example, Paragraph 7 of the Terms and Conditions states:

**7. Security and Password**

You are solely responsible for maintaining the confidentiality of your password and account and for any and all statements made and acts or omissions that occur through the use of your password and account, including any mail sent and any charges incurred. Therefore, you must take steps to ensure that others do not gain access to your password and account. Our personnel will never ask you for your password. You may not transfer or share your account with anyone, and we reserve the right to immediately terminate your account in the event of any unauthorized transfer or sharing thereof.

## IV. DEFENDANTS' HACKING INTO PHARMEDIUM'S CRC

17. Beginning at a time unknown, but no later than August 13, 2010, Defendants made repeated, unauthorized access to the CRC.

18. That unauthorized access occurred on at least four different occasions: August 13, August 31, September 20 and October 21, 2010. During these unauthorized intrusions to the CRC, Defendants explored the private account of one of PharMEDium's customers, and accessed copyrighted documents and materials designed for the exclusive use of PharMEDium customers.

19. During the August 13 event, Defendants accessed the CRC and went only to the "Change Password" section of the website.

20. During the August 31 event, Defendants examined nine unique web pages on the site. One of those pages, our "Drug Family Catalog" was visited four different times during the session. By looking at the Drug Family Catalog, a visitor would see all of PharMEDium's thousands of available products and services, and could look at the associated price for each of those products. The client's order history was viewed twice, information about particular products was also viewed, as was PharMEDium's Labor Day holiday shipping schedule.

For example, Paragraph 7 of the Terms and Conditions states:

**7. Security and Password**

You are solely responsible for maintaining the confidentiality of your password and account and for any and all statements made and acts or omissions that occur through the use of your password and account, including any mail sent and any charges incurred. Therefore, you must take steps to ensure that others do not gain access to your password and account. Our personnel will never ask you for your password. You may not transfer or share your account with anyone, and we reserve the right to immediately terminate your account in the event of any unauthorized transfer or sharing thereof.

## IV. DEFENDANTS' HACKING INTO PHARMEDIUM'S CRC

17. Beginning at a time unknown, but no later than August 13, 2010, Defendants made repeated, unauthorized access to the CRC.

18. That unauthorized access occurred on at least four different occasions: August 13, August 31, September 20 and October 21, 2010. During these unauthorized intrusions to the CRC, Defendants explored the private account of one of PharMEDium's customers, and accessed copyrighted documents and materials designed for the exclusive use of PharMEDium customers.

19. During the August 13 event, Defendants accessed the CRC and went only to the "Change Password" section of the website.

20. During the August 31 event, Defendants examined nine unique web pages on the site. One of those pages, our "Drug Family Catalog" was visited four different times during the session. By looking at the Drug Family Catalog, a visitor would see all of PharMEDium's thousands of available products and services, and could look at the associated price for each of those products. The client's order history was viewed twice, information about particular products was also viewed, as was PharMEDium's Labor Day holiday shipping schedule.

21. During the September 20 event, Defendants examined four unique web pages on the site. The "Drug Family Catalog" was visited three different times during the session. Defendants again unlawfully accessed the CRC on October 21, 2010.

22. Upon learning of the unauthorized access and use of its computers and computer systems, PharMEDium acted immediately to attempt to identify the perpetrators and to protect its systems and customer records, including, but not limited to, adding additional security and conducting an investigation of the intrusion. As a result, PharMEDium has incurred—and continues to incur—significant costs in the form of time and money spent to identify and correct any damages to its computers and computer systems caused by Defendants.

23. PharMEDium has suffered and will continue to suffer substantial and irreparable damage to its business reputation and goodwill, competitive injury, as well as losses in an amount in excess of $75,000, but not yet fully ascertained, and which will be further determined according to proof.

**COUNT I**
**(Violation of the federal Computer Fraud and Abuse Act –**
**18 U.S.C. § 1030(a)(2))**

24. PharMEDium realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 23 above.

25. By the actions alleged above, upon information and belief, Defendants knowingly and with intent to defraud, accessed PharMEDium's protected computer system, without authorization and/or in excess of authorized access and thereby obtained information from a protected computer, and their conduct involved interstate or foreign communications.

26. By the actions alleged above, Defendants furthered the intended fraud and obtained or attempted to obtain unauthorized use of PharMEDium's protected computer system,

and the value of that use, and the loss to PharMEDium, exceeds more than $5,000 in any 1-year period.

27. Defendants' activity constitutes a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and PharMEDium is entitled to damages under that Act. PharMEDium is also entitled under the Act to injunctive and equitable relief against Defendants.

**COUNT II**
**(Violation of the federal Computer Fraud and Abuse Act –**
**18 U.S.C. § 1030(a)(4))**

28. PharMEDium realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 23 above.

29. By the actions alleged above, upon information and belief, Defendants knowingly and with intent to defraud, accessed PharMEDium's protected computer system, without authorization and/or in excess of authorized access.

30. By the actions alleged above, defendants furthered the intended fraud and obtained or attempted to obtain unauthorized use of PharMEDium's protected computer system, and the value of that use, and the loss to PharMEDium, exceeds more than $5,000 in any 1-year period.

31. Defendants' activity constitutes a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and PharMEDium is entitled to damages under that Act. PharMEDium is also entitled under the Act to injunctive and equitable relief against Defendants.

**COUNT III**
**(Violation of the federal Computer Fraud and Abuse Act –**
**18 U.S.C. § 1030(a)(5))**

32. PharMEDium realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 23 above.

33. By the actions alleged above, Defendants intentionally and knowingly accessed PharMEDium's protected computer system, and knowingly caused the transmission of a program, information, code, or command, without authorization and/or in excess of authorized access and/or intentionally accessed a protected computer without authorization.

34. By the actions alleged above, defendants intentionally caused damage, without authorization, to PharMEDium's protected computer system, and the resulting loss exceeds at least $5,000 in value.

35. Defendants' activity constitutes a violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and PharMEDium is entitled to damages under that Act. PharMEDium is also entitled under the Act to injunctive and equitable relief against Defendants.

### COUNT IV
### (Violation of the Digital Millennium Copyright Act 17 U.S.C. §1201(a))

36. PharMEDium realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 23 above.

37. PharMEDium's CRC website, and the materials contained therein, are protected by federal copyright law.

38. Defendants have circumvented one or more technological measures that effectively control access to PharMEDium's copyrighted materials within its CRC.

39. In addition to PharMEDium's actual damages, PharMEDium is entitled to injunctive relief and, pursuant to 17 U.S.C. §1203(c), to receive the profits made by Defendants from their wrongful acts. In the alternative, PharMEDium is entitled to statutory damages pursuant to 17 U.S.C. §1203(c)(3) and (c)(4).

40. PharMEDium has no adequate remedy at law for Defendants' wrongful conduct.

41. PharMEDium is also entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. §1203(b)(4) and (5).

## COUNT V
### (Trespass to Chattels)

42. PharMEDium realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 23 above.

43. The computers, computer networks and computer services that constitute PharMEDium's private CRC computer system are the personal property of PharMEDium.

44. Defendants were aware that their actions were specifically prohibited by PharMEDium and were on notice that their actions were not authorized by PharMEDium in any way.

45. Defendants have knowingly, intentionally and without authorization used and intentionally trespassed upon PharMEDium's property.

46. As a result of defendants' actions, PharMEDium has been damaged in an amount to be proven at trial. PharMEDium also is entitled to injunctive and equitable relief against defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, PharMEDium respectfully requests that the Court enter judgment against defendants, jointly and severally, as follows:

1. That the Court issue temporary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendants, be enjoined and restrained from:

   a) Making any unauthorized use or access of PharMEDium's computers and computer systems; and

b) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraph 1 above.

2. That the Court further order Defendants, their officers, agents, servants, employees, attorneys, successors, assignees and those in active concert or participation with them to turn over all copies of any materials attained via access to PharMEDium's computers and/or computer systems to counsel for PharMEDium.

3. That the Court award PharMEDium actual damages, liquidated damages, treble damages and statutory damages, in amount to be proven at trial;

4. That the Court award PharMEDium its attorneys' fees and costs incurred herein; and

5. That the Court grant PharMEDium all other relief to which it is entitled and such other or additional relief as is just and proper.

### JURY DEMAND

PharMEDium demands trial by jury.

Dated: November 19, 2010          Respectfully submitted,

**K&L GATES LLP**

By: /s/ Jeffrey T. Petersen

Jeffrey T. Petersen
Attorneys for PharMEDium Services, LLC